## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| AMY DOHERTY-HEINZE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| | ) | NO. _____ |
| v. | ) | |
| | ) | |
| STATE OF GEORGIA, DEPARTMENT | ) | |
| OF REVENUE, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

### COMPLAINT

Plaintiff Amy Doherty-Heinze ("Ms. Doherty-Heinze") respectfully submits the following Complaint against Defendant State of Georgia, Department of Revenue ("DOR"), showing the Court as follows:

### INTRODUCTION

1.      This civil rights action is brought pursuant to the Equal Pay act of 1963, 29 USC § 206 (d) ("EPA") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The DOR subjected Ms. Doherty-Heinze to discrimination based on gender in her compensation, conditions of employment, failure to promote, and separation of employment, and retaliation for engaging in protected activity under the EPA and Title VII. Ms. Doherty-Heinze seeks injunctive

and equitable relief, back pay and liquidated damages, compensatory damages, attorney's fees, and expenses of litigation to remedy these civil rights violations.

## PARTIES

1.  Ms.  Doherty-Heinze is a resident of the State of Georgia and submits herself to the jurisdiction of this Court.

2.  Ms.  Doherty-Heinze is a current employee of the DOR.

3.  Ms.  Doherty-Heinze is an "employee" within the meaning of Title VII and the EPA.

4.  DOR is a department of the State of Georgia,  is an entity subject to suit, and its principal place of business is located at 1800 Century Blvd. NE, Atlanta, GA 30345, and is, therefore, subject to personal jurisdiction in Georgia.

5.  The DOR is an "employer" as defined by Title VII and the EPA.

6.  The DOR may be served by delivering process to the State Revenue Commissioner, Robyn A. Crittenden at 1800 Century Blvd. NE, Atlanta, GA 30345.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over Plainitff's claims under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights).

8.     Venue is proper in this district and division under 28 U.S.C. § 1391 because the DOR conducts business in this district and division and the unlawful actions and practices were committed within the Northern District of Georgia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.     On November 2, 2020, Ms. Doherty-Heinze filed a Charge of Discrimination with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which she complains.

10.     Ms. Doherty-Heinze received a Notice of Right to Sue on October 6, 2021.

11.     This civil action is filed in the appropriate federal district court within ninety (90) days of the receipt of Ms. Doherty-Heinze's Notice of Right to Sue.

## STATEMENT OF FACTS

12.     Ms. Doherty-Heinze began working for DOR on October 1, 2013 as a Special Agent.

13.     In October 2018, the DOR promoted Ms. Doherty-Heinze to Team Lead.

14.     In April 2019, Ms. Doherty-Heinze reported to her supervisors, Assistant Director Jeff Mitchell and Director Josh Waites, that Doug Legg, a Supervisory Special Agent, was making her uncomfortable – including  sending her

inappropriate emails and creating a hostile working environment based on gender.

15.    Legg frequently discriminated against women in leadership positions at the DOR.

16.    In October 2019, the DOR again promoted Ms. Doherty-Heinze to Supervisory Special Agent.

17.    As a Supervisory Special Agent, Ms. Doherty-Heinze was one of the few women in a law enforcement leadership position at the DOR.

18.    In November 2019, Ms. Doherty-Heinze filed a complaint with Human Resources, alleging that Legg engaged in sex-based discrimination.

19.    Ms. Doherty-Heinze repeated her concerns multiple times in person to Human Resources that Legg was motivated by impermissible sex-based animus in his treatment of females in leadership roles.

20.    In December 2019, the DOR restructured Doherty-Heinze's position to an Assistant Special Agent in Charge ("ASAC") role despite restructuring all male Supervisory Special Agents, including Legg, into the higher positon of Special Agent in Charge ("SAC").

21.    The SAC promotion did not come with additional duties and tasks and Ms. Doherty-Heinze continued to perform the same job duties as her male peers, despite the alleged differnt positions.

22.   The DOR had discretion in setting the qualifications for the ASAC and SAC roles during the restructuring.

23.   The DOR also paid Ms. Doherty-Heinze less than her male peers despite the fact that the salary paid to the male SACs was within the pay band for the ASAC role.

24.   The SAC salaries were set at $74,500.00, which was within the range of the ASAC pay scale.

25.   The maximum pay for an ASAC was set at $77,460.15.

26.   Defendant set Ms. Doherty-Heinze's salary at $67,300.00.

27.   Ms. Doherty-Heinze was performing the same level of work, if not significantly more work, than her male peers despite being deemed an ASAC instead of a SAC and despite being paid less than her male peers, including Brad Cline, Brian Christ, and Doug Legg, as well as Special Agent Damon Grimwade.

28.   For example, Special Agent Grimwade's salary was set at $76,825 in 2020.

29.   In approximately October 2019, when she first heard of the potential restructuring, Ms. Doherty-Heinze reported to Director Waites that she believed the pay disparity in the DOR was gender-based.

30.   Ms. Doherty-Heinze continued to complain about the pay disparity to

Director Waites and to Assistant Director Jeff Mitchell through her termination.

31.    The DOR never investigated Ms. Doherty-Heinze's concerns that the pay disparity in the DOR was gender-based.

32.    On July 1, 2020, the DOR separated Ms. Doherty-Heinze in a "Reduction-in-Force" despite her having more tax investigation experience, more evidence room experience, and more analysis experience than any of her male peers who were retained.

33.    In the "RIF," the DOR separated only female law law enforcement officers.

34.    The unlawful, discriminatory, and retaliatory actions by the DOR and its agents and employees were done during and within the scope of their agency and employment with DOR.

35.    Because of DOR's unlawful, discriminatory, and retaliatory actions and practices, Doherty-Heinze has suffered and continues to suffer emotional and resulting damages.

## COUNT I
## GENDER DISCRIMINATION (TERMINATION) IN VIOLATION OF TITLE VII

36.    Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

37.     Defendant discriminated against Plaintiff in terminating her employment while retaining her male peers in an alleged "reduction-in-force."

38.     Defendant terminated only female law enforcement employees in the "reduction-in-force."

39.     Defendant's discriminatory termination of Plaintiff violates Title VII.

40.     As a result of Defendant's discriminatory treatment of Plaintiff, Plaintiff has suffered lost compensation and other benefits of employment, garden variety emotional distress, inconvenience, loss of income, humiliation, and other indignities.

41.     Defendant's acts and conduct constitute willful and intentional discrimination.

42.     Defendant engaged in its discriminatory practices intentionally and/or with malice and/or with reckless indifference to Plaintiff's rights.

COUNT II
GENDER DISCRIMINATION (PAY DISPARITY) IN VIOLATION OF TITLE VII

43.      Plaintiff incorporates by reference all preceding paragraphs of the complaint.

44.     Defendant discriminated against Plaintiff by paying her less than her male coworkers for performing the same job duties.

45.     Defendant's pay practice violates Title VII.

46.     As a result of Defendant's discriminatory treatment of Plaintiff, Plaintiff has suffered lost compensation and other benefits of employment, garden variety emotional distress, inconvenience, loss of income, humiliation, and other indignities.

47.     Defendant's acts and conduct constitute willful and intentional discrimination.

48.     Defendant engaged in its discriminatory practices intentionally and/or with malice and/or with reckless indifference to Plaintiff's rights.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII

49.     Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

50.     Plaintiff engaged in protected activity by challenging the unlawful practices of Defendant DOR and its officers, employees, and agents.

51.     Defendant retaliated against Plaitniff for challenging its unlawful actions in violation of Title VII by failing to adjust her salary and by terminating her employment.

52.     As a direct and proximate result of Defendant's violations of Title VII,

Plaintiff has suffered damages, including but not limited to, lost wages, benefits of employment, garden variety emotional distress, mental anguish, humiliation, pain and suffereing.

53.    Defendant engaged in retaliatory practices intentionally and/or with malice and/or with reckless indifference to Plaintiff's rights.

## COUNT IV
## VIOLATION OF THE EQUAL PAY ACT

54.    Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

55.    Defendant has deprived Plaintiff of equal pay for equal work in violation of the Equal Pay Act, 29 U.S.C. § 206(d).

56.    Defendant discriminated against Plaintiff in unequal pay in violation of the EPA.

57.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered lost wages.

58.    Defendant's actions in paying lower wages to Plaintiff, a female employee, than to males performing substantially similar or lesser work were willful.

59.    Plaintiff has suffered damage and is entitled to recover actual and liquidated damages against Defendant.

## COUNT V
## RETALIATION IN VIOLATION OF THE EQUAL PAY ACT

60.     Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

61.     Plaintiff engaged in protected activity under the Equal Pay Act when she challenged the unlawful practices of Defendant DOR and its officers, employees, and agents.

62.     Defendant impermissibly retaliated against Plaintiff after she complained that she felt the pay disparity within DOR was gender-based by failing to adjust her salary and ultimately terminating her employment.

63.     As a direct and proximate result of Defendant's violations of the Equal Pay Act, Plaintiff has suffered damages and is entitled to recover actual and liquidated damages against Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully invokes the powers of this Court and prays for the following:

a)     That the Court grant trial by jury;

b)     That the Court issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated Plaintiff's rights to be free from discrimination and retaliation under

Title VII and the EPA; and that the Court permanently enjoin Defendants from such conduct in the future;

c)      That Plaintiff have and recover from Defendants all amounts available under Title VII and the EPA, including but not limited to back pay, front pay, compensatory damages, liquidated damages, damages for mental anguish, benefits, and all other damages allowed by law;

d)      That the Court award pre-judgment and post-judgment interest to Plaintiff on any of the above amounts;

e)      That Defendants be ordered to pay to all of Plaintiff's costs and attorney's fees of this action;

f)      That Plaintiff recover punitive damages; and

g)      That the Court grant such other and further equitable and monetary relief as it deems equitable, just and proper.

Respectfully submitted this 4th day of January 2022.

LEGARE, ATTWOOD & WOLFE, LLC

**Marissa R. Torgerson**
Georgia Bar No. 848356
mrtorgerson@law-llc.com
Cheryl B. Legare
Georgia Bar No. 038553
cblegare@law-llc.com

125 Clairemont Ave, Ste. 380
Decatur, Georgia 30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212